## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MOUSTAPHA FAYE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:19-CV-00671-MSM-PAS |
| | ) |
| QUICKEN LOANS INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## <u>MEMORANDUM AND ORDER</u>

Mary S. McElroy, United States District Judge.

Before the Court is the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) of the defendant, Quicken Loans, Inc. ("Quicken"). (ECF No. 7.) Quicken asserts that the plaintiff, Moustapha Faye's, Complaint should be dismissed under the doctrine or res judicata or, alternatively, because it fails to state a claim upon which relief can be granted.[1]

On the issue of res judicata, the question is whether the plaintiff's previous state court action bars relitigation of the same transaction, or series of transactions, between these parties. Consideration of the state court pleadings therefore is necessary. On a motion to dismiss, a court ordinarily does not consider documents

---

[1] "Res judicata is an affirmative defense, but where, as here, the defendant has raised the question on a motion to dismiss, the plaintiff does not object to the procedure, and the court discerns no prejudice, the issue may be resolved on such a motion." *In re Sonus Networks, Inc., S'holder Derivative Litig.*, 499 F.3d 47, 56 (1st Cir. 2007).

1

outside of the complaint at issue without properly converting the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d). There is an exception, however, for public records. *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008). "Matters of public record ordinarily include 'documents from prior state court adjudications." *Id.* at 66 (quoting *Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000)). The Court will therefore consider the state court pleadings and proceed to decide this Motion under Rule 12(b)(6).

For the following reasons, the Court finds that the plaintiff's Complaint is barred by the doctrine of res judicata and therefore GRANTS Quicken's Motion to Dismiss.

## I.   BACKGROUND

On October 17, 2019, the Plaintiff filed a complaint in the Rhode Island District Court, Third Division (3CA-2019-10115) against Quicken.[2] The plaintiff had alleged that he granted a refinance mortgage to Quicken, on a Pawtucket, Rhode Island condominium he had owned, and that he had been making the monthly payments of $625. (ECF No. 7-3.) In February 2019, he received an email from Quicken notifying him that it had paid his property taxes. *Id.* The plaintiff contacted Quicken and was told that it "had received an undelivered mail from the city that prompted them to establish the escrow." *Id.* He also was told that his monthly mortgage payment would increase due to the establishment of the escrow. *Id.*

---

[2] The plaintiff also named Dan Gilbert, Quicken's chairman and founder, in the state court action. Mr. Gilbert is not a party to the instant action.

2

The plaintiff informed Quicken that he already had paid the taxes and asked Quicken to remove the escrow account. *Id.* The plaintiff alleged that Quicken then told him that it would not remove the escrow account and that it had "the rights to establish [an] escrow account anytime for customers like you." *Id.* The plaintiff further alleged that Quicken informed him he had no rights to dispute the escrow account. *Id.*

Because Quicken reported him as late on payments, the plaintiff alleged that his credit score was reduced by 100 points. *Id.* He therefore asserted that the defendants had violated the Rhode Island Fair Debt Collection Practices Act ("RIFDCPA"). *Id.*

Quicken filed a motion to dismiss the plaintiff's state court complaint, arguing that, under Rule 12(b)(6) the plaintiff could not state a claim under the RIFDCPA because it was not a debt collector. (ECF No. 7-4.) The court granted the motion and entered judgment for Quicken. (ECF No. 7-5.)

The plaintiff then filed suit against Quicken in this Court. (ECF No. 1.) The facts alleged are in most instances identical to those asserted in state court; however, the plaintiff adds additional detail to the conversations he had with Quicken in disputing the escrow account, that Quicken has been sending him emails and phone calls daily. *Id.* As to his damages, the plaintiff claims that he had been denied credit on two occasions, and that he is concerned about his employment due to the alleged credit issue, and has increased his demand from $10,000 in the state court action to $270,000 in this action. *Id.*

Before this Court, the plaintiff has claimed that Quicken has caused him emotional distress for its "misconduct and recklessness in reporting incorrect information to credit bureaus"; has violated the Real Estate Settlement Procedures Act; the Fair Housing Act; and Title VI of the Civil Rights Act of 1964. *Id.*

## II.   DISCUSSION

Res judicata, or claim preclusion, is a doctrine designed "to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc.*, 181 F.3d 174, 181 (1st Cir. 1999). The applicability of the doctrine of res judicata is a question of law. *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir. 1994). Federal courts must accord a state court judgment the same preclusive effect it would receive in the state where it was rendered. *DiPinto v. Sperling*, 9 F.3d 2, 4 (1st Cir. 1993) (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980)). Under Rhode Island law, the doctrine of res judicata applies when "there exists identity of parties, identity of issues, and finality of judgment in an earlier action." *Plunkett v. State*, 869 A.2d 1185, 1188 (R.I. 2005).

Identity of the parties here is easily established. The plaintiff is the same individual in both actions as is the corporate defendant, Quicken.

In deciding the identity of the issues, Rhode Island applies a transactional approach. *Ritter v. Mantissa Inv. Corp.*, 864 A.2d 601, 605 (R.I. 2005); *ElGabri v. Lekas*, 681 A.2d 271, 276 (R.I. 1996). "This rule precludes the re-litigation of 'all or any part of the transaction, or series of connected transactions, out of which the [first]

action arose.'" *Ritter*, 864 A.2d at 605 (quoting *Manego v. Orleans Bd. of Trade*, 773 F.2d 1, 5 (1st Cir. 1985) (alteration in original)).  The First Circuit, too, applies the transactional approach and Rhode Island courts have borrowed from circuit precedent to set forth that approach's analysis.  *See id.*  "What factual grouping constitutes a 'transaction' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Id.* (quoting *Manego*, 774 F.2d at 5).  "This boils down to whether the causes of action arise out of a common nucleus of operative facts."  *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 38 (1st Cir. 1998).

"To bring claim preclusion into play, a cause of action need not be a clone of the earlier cause of action."  *Mass. Sch. of Law at Andover*, 142 F.3d at 38.  The doctrine of res judicata "precludes the relitigation of all the issues" from the common nucleus of operative facts "that were tried or might have been tried in the original suit." *Plunkett v. State*, 869 A.2d 1185, 1188 (R.I. 2005).  *See also ElGabri*, 681 A.2d at 276 ("We hold that the preclusive effect of the res judicata doctrine should be applied to all or any part of the transaction, or series of connected transactions, out of which the action arose.); *Mass. Sch. of Law at Andover*, 142 F.3d at 38 ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

Most of the facts the plaintiff alleged in his state court action are identical to

those alleged here.  The difference lies in additional detail he has provided to this Court.   But in both actions the plaintiff's claim concerns the same series of transactions: Quicken paid the plaintiff's outstanding taxes and established an escrow account for the loan in February 2019; the plaintiff's subsequent communications with Quicken concerning the fact he had personally paid his property taxes and his dispute with Quicken's activity on the same; and the subsequent drop in the plaintiff's credit score.

The plaintiff certainly has raised new statutory claims in this Court (and a larger claim for damages), but both lawsuits arise from the same nucleus of operative facts.  As such, these statutory claims "could have been raised" in the state court action. *See Mass. Sch. of Law at Andover*, 142 F.3d at 38.  Moreover, because the two sets of claims arise from the same facts, both complaints would "form a convenient trial unit" and "one would reasonably expect them to be brought together." *Id.  See also Giragosian*, 547 F.3d at 65 (barring the plaintiff's federal complaint under the doctrine of res judicata because he could have raised both his § 1983 and state law claims in a prior state court action); *Mulrain v. Bd. of Selectmen*, 944 F.3d 23, 26 (1st Cir. 1991) (same).

The Court must last consider whether the state court action resulted in a final decision on the merits.  "Under the Rhode Island doctrine of res judicata (claim preclusion), a final judgment on the merits precludes later litigation of the same claim by the same parties." *DiPinto*, 9 F.3d at 4.  "Ordinarily, a dismissal for failure to state a claim is treated as a dismissal on the merits, and there is abundant case law

to this effect." *Huntley v. State*, 63 A.3d 526, 533 (R.I. 2013) (quoting *AVX Corp. v. Cabot Corp.*, 424 F.3d 28, 30 (1st Cir.2005)); *see also Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 388 (1st Cir. 1994) ("A dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a decision on the merits.")

In the state court action, Quicken had moved to dismiss pursuant to Rule 12(b)(6) for the plaintiff's failure to state a claim.  The state court granted the motion.. This Court therefore finds that there was a finality of judgment, satisfying the final factor of the res judicata test.

Because the Court finds that this matter is precluded under the doctrine of res judicata it need not proceed to the second issue raised by Quicken: that the plaintiff's Complaint fails to raise any colorable claims.

## III.   CONCLUSION

For the foregoing reasons, Quicken's Motion to Dismiss (ECF No. 7) is GRANTED.  Accordingly, the plaintiff's Motion for Injunctive Relief (ECF No. 2) is DENIED as moot.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge
September 3, 2020

.