UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MOUSTAPHA FAYE,  :
    Plaintiff,  :
  :
v.  : C.A. No. 19-671MSM
  :
QUICKEN LOANS, INC.,  :
    Defendant.  :

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

In October of 2017, Plaintiff filed a complaint in Rhode Island state court against Defendant Quicken Loans, Inc., the mortgagee on the condominium he owns in Pawtucket, Rhode Island. Invoking the Rhode Island Fair Debt Collection Practices Act, R.I. Gen. Laws §§ 19-14.9-1, *et seq.*, he alleged that Quicken increased his mortgage payment by requiring him to escrow property taxes and, when he was unable to pay, reported him as late on payments, which adversely affected his credit score. Quicken's motion to dismiss (based on the arguments that Quicken was not a debt collector and that the mortgage documents allowed it to establish an escrow account) was granted and final judgment was entered in its favor.[1] Undaunted, Plaintiff filed an action in this Court based on substantially identical facts; this case sought money damages from Quicken for "misconduct and recklessness in reporting incorrect information to credit bureaus" in violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.*; the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*; and Title VI of the Civil Rights Act of

---

[1] Plaintiff asks this Court to take notice that the state court magistrate observed that Quicken's action was an "injustice" and "unfair"; while that may be true, the state court also held that "[t]hey have a right to do it." ECF No. 22 at 19.

1964, 42 U.S.C. §§ 2000d, *et seq*. In reliance on the doctrine of res judicata, this Court entered judgment in favor of Quicken on September 3, 2020. Plaintiff's appeal is now pending.

On October 22, 2020, Plaintiff filed a form titled "NOTICE OF LIS PENDENS." Referencing Plaintiff's condominium, the form is filled in with the caption of this federal case and states as follows:

> YOU ARE NOTIFIED of the institution of this action by the Plaintiff against you seeking to buy or foreclose the Note and Mortgage encumbering the described property and the decreeing of a sale of the property of the amount found to be due the Plaintiff under further and general relief set forth in the Complaint.

ECF No. 19. A week after filing the NOTICE OF LIS PENDENS, Plaintiff asked the Clerk's Office of this Court to provide him with "2 certified copies of the Notice of Lis Pendens." This request and the Notice of Lis Pendens were referred to me on November 5, 2020. Based on the language of the Rhode Island statute addressing when and how to give notice of Lis Pendens,[2] including that such a notice is to be filed when there is a proceeding, order or judgment "concerning the title to any real estate," yet this case sought only money damages, I directed the Clerk <u>not</u> to provide certified copies of the Notice of Lis Pendens until further order of the Court. I ordered Plaintiff to show cause why the Notice of Lis Pendens was properly filed and why certified copies should be provided, and asked Defendant to respond. Both have now done so.

"A notice of lis pendens is filed on the public record for the <u>purpose of warning</u> all interested persons that the <u>title to the subject property is being disputed in litigation</u> and that,

---

[2] R.I. Gen. Laws § 9-4-9(a) provides, in pertinent part:

> [n]o proceeding in court, hereafter taken, whether by filing bill, petition, declaration, or other complaint, or by rule of court or otherwise, and no final order, decree, or judgment concerning the title to any real estate . . . or to any interest or easement therein, shall affect the title (except as to parties thereto and their heirs and devisees, and those having actual notice thereof) as to any rights acquired before notice of the filing, or entry of the notice shall be recorded in the records of land evidence in the town or city where the real estate is situated; the notice to be copied in a book duly indexed and kept for that purpose.

therefore, any person who subsequently acquires an interest in the property does so subject to the risk of being bound by an adverse judgment in the pending case." Montecalvo v. Mandarelli, 682 A.2d 918, 924 (R.I. 1996) (emphasis added); see George v. Oakhurst Realty, 414 A.2d 471, 474 (R.I. 1980) (lis pendens "puts all prospective purchasers on notice that there is a suit pending involving an issue of title to . . . real property"); Kent Estates v. Matteson, 97 R.I. 230, 233, 197 A.2d 292, 294 (1964) ("term 'lis pendens' literally means litigation or suit pending, and no principle is more firmly established than that which limits the application of the lis pendens doctrine to actual litigation involving title to real property"). If a lis pendens is filed in the land records that is inaccurate, the filing may be actionable as a false statement slandering title. Montecalvo, 682 A.2d at 924.

The case that was pending in this Court (before Plaintiff filed an appeal) sought only money damages based on the conduct of the mortgagee that holds the mortgage on Plaintiff's condominium; it does not concern or put the title to Plaintiff's condominium in question. Importantly, the statement on the face of the Notice – that this action "seek[s] to buy or foreclose the Note and Mortgage" and "decree[s] of a sale of the [condominium]" – is simply not true. See ECF No. 19. While Plaintiff worries that Defendant has threatened that it may hereafter initiate foreclosure proceedings, jeopardizing his property rights, that has not happened yet; what matters is that this case (as Plaintiff pled it) does not concern Plaintiff's title.[3] Consequently, the Lis Pendens Notice is false and inaccurate and inconsistent with what is permitted by R.I. Gen. Laws § 9-4-9. See generally Campbell v. Metcalf, 20 R.I. 352, 39 A. 190 (1898) (notice of lis pendens that stated that in the event of a favorable decree on a bill a levy would be made on real estate

---

[3] Mindful of Plaintiff's *pro se* status, the Court has examined the Notice of Lis Pendens and his reasons for filing it with the leniency mandated by our Circuit Court. Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 79 (1st Cir. 2014) ("we are certainly sympathetic to the challenges pro se plaintiffs may face in filing a lawsuit on their own").

was null and void because the bill did not concern title to real estate); <u>Corp. Props., Ltd. v. Capitol Hill Dev.</u>, C.A. 84-1813, 1984 WL 560557, at *2 (R.I. Super. Ct. Oct. 15, 1984) (with no litigation pending in which the title to real estate was in question, court granted motion to remove lis pendens).  Accordingly, the Clerk should not provide certified copies.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 20, 2020